**Deborah RAFFINEE, Appellant**

v.

**COMMISSIONER OF SOCIAL SECU-RITY; Judge Kenneth R. Andrews; Rodney D. Shepherd, Esq.; Bruce Gelman, Esq.**

No. 09–3529.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 2, 2010.

Opinion filed: March 4, 2010.

Deborah Raffinee, Moon Township, PA, pro se.

Eric P. Kressman, Esq., Amanda Reinitz, Esq., Social Security Administration,

---

**6.** Johnson's motions for summary remand, sanctions against the Government, and issue preservation are denied.

Philadelphia, PA, Jessica L. Smolar, Esq., Office of the United States Attorney, Pittsburgh, PA, for Commissioner of Social Security; Judge Kenneth R. Andrews; Rodney D. Shepherd, Esq.; Bruce Gelman, Esq.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Deborah Raffinee, proceeding pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing her complaint. We will affirm.

Raffinee applied for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act"). Her request was granted by an administrative law judge ("ALJ"), who awarded her disability insurance benefits ("SSDI") and supplemental security income ("SSI") and set her disability onset date as July 1, 2004. She appealed the ALJ's determination of her disability onset date to the Appeals Council, who denied her request for review on December 16, 2008. The Social Security Administration ("SSA") mailed a letter to Raffinee, dated December 16, 2008, in which it informed her of the ALJ's determination and notified her that she had sixty days to file a civil action requesting review by the District Court. The letter explained that the sixty-day period started "the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5–day period."

Raffinee filed a complaint on March 10, 2009, in which she named the Commissioner, her attorneys, and the ALJ (Andrews), and requested damages. The Commissioner and Andrews filed a motion to dismiss in the District Court, claiming that Raffinee's complaint was barred by the Act's statute of limitations, 42 U.S.C. § 405(g), because it was filed more than sixty days after Raffinee's receipt of the SSA's letter denying review. Andrews also claimed that Raffinee's complaint against him was barred by the doctrine of absolute immunity. Raffinee responded, addressing the merits of her complaint. By order entered July 20, 2009, the District Court dismissed the complaint as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court determined that the complaint against the Commissioner was a request for judicial review of the Commissioner's decision, and therefore, it was subject to the sixty-day limitations period provided in § 405(g). The District Court noted that Raffinee did not submit a request to the Commissioner for an extension of time to file her complaint in the District Court. The court calculated that, taking into account the SSA's five-day mail rule, Raffinee's complaint was filed well beyond the sixty-day period, and it was thus time-barred.[1] Applying traditional equitable tolling principles, *see Bowen v. City of New York,* 476 U.S. 467, 478–81, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the District Court also held that tolling was not warranted in the absence of any explanation for the late filing in the record.

Next, the District Court held that the doctrine of absolute immunity barred Raffinee's complaint against ALJ Andrews.

---

1. The letter notifying Raffinee of the Commissioner's decision and of her sixty-day appeal period was dated December 16, 2008. Raffinee does not dispute that she received the letter within the five-day grace period. Assuming that the sixty-day period began to run on December 21, 2008 (the fifth day), Raffinee had until February 19, 2009, to file her complaint. Raffinee's complaint, filed on March 10, 2009, was nineteen days too late.

Additionally, the court dismissed sua sponte her complaint for legal malpractice against her attorneys for lack of subject matter jurisdiction based on her failure to show diversity of citizenship pursuant to 28 U.S.C. § 1332. Raffinee filed a motion "*not* to dismiss her complaint," asserting that she had filed an extension request before the Commissioner in November 2007, and that her complaint was not to be treated as request for judicial review of the Commissioner's decision.[2] The District Court denied her motion on July 28, 2009. Raffinee filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. We will affirm for substantially the same reasons set forth by the District Court. With respect to the District Court's dismissal of her complaint against the Commissioner, the extension request that Raffinee submitted in November 2007 had no effect on the sixty-day appeal period because it predated the Appeals Council's notice of decision. Raffinee makes no equitable tolling claim on appeal, and we find no justification for equitable tolling in the record. As for her other claims, the District Court lacked subject matter jurisdiction to consider her complaint against her attorneys under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity). In addition, ALJ Andrews enjoys absolute immunity from Raffinee's suit for damages because her claims are based on actions he took in his official capacity. *See Butz v. Economou,* 438 U.S. 478, 514, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Upon thorough review of Raffinee's remaining arguments on appeal, we conclude that they are meritless.

Accordingly, we will affirm the judgment of the District Court. Appellant's motion to supplement the record with additional evidence is denied.

**2.** Raffinee attached a copy of her notice of appeal to the Appeals Council dated November 13, 2007, on top of which she wrote, "We request extention (sic) of time for evidence."